UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY SYLVESTER GREEN,

    Petitioner,

v.

KURT JONES,

    Respondent.
_____/

Hon. Richard Alan Enslen

Case No. 1:04-CV-631

## REPORT AND RECOMMENDATION

This matter is before the Court on Respondent's Motion for Summary Judgment and Dismissal of Petition for Writ of Habeas Corpus. (Dkt. #7). In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Respondent's motion be **granted** and Green's petition for writ of habeas corpus be **dismissed**.

## BACKGROUND

On October 1, 1999, Petitioner walked out of a K-Mart store with stolen merchandise. (Dkt. #2, Appendix B). Store personnel attempted to detain Petitioner, at which point Petitioner assaulted them and fled the scene. *Id.* On November 15, 1999, Petitioner pleaded guilty to the crime of unarmed robbery, as well as being a habitual offender. (Dkt. #9). Petitioner was sentenced to 126

to 270 months in prison. *Id.* Asserting the following claims, Petitioner submitted in the Michigan Court of Appeals a delayed application for leave to appeal:

> I. Defendant was denied his State constitutional right to the effective assistance of counsel.
>
> II. A plea agreement whereby the prosecution agrees to request that the sentence be no greater than what the guidelines call for is illusory.
>
> III. The sentence of ten years, four months to twenty-two years, five months, is disproportionate under *Milbourn.*

(Dkt. #1).

The Michigan Court of Appeals denied Petitioner's application for leave to appeal "for lack of merit in the grounds presented." *People v. Green*, No. 231648, Order (Mich. Ct. App., Feb. 15, 2001). Petitioner did not appeal this determination to the Michigan Supreme Court. (Dkt. #1, 11).

On July 11, 2002, the Michigan Supreme Court issued a decision in *People v. Randolph*, 648 N.W.2d 164 (Mich. 2002). In that case, Randolph stole $120 worth of merchandise from a store. After being confronted by store security personnel, Randolph assaulted a security officer and fled the scene. The *Randolph* court considered whether these facts supported a conviction for unarmed robbery. The court overturned Randolph's conviction on the ground that unarmed robbery requires that force be employed to accomplish the taking, not merely to further the escape from the scene of the crime.

On July 29, 2002, Petitioner filed in the trial court a motion for relief from judgment claiming that his conviction must be overturned in light of *Randolph*. On September 3, 2002, the court denied Petitioner's motion. (Dkt. #, Appendix D). Petitioner sought reconsideration of this determination, a request which was also denied on January 21, 2003. *Id.* Petitioner subsequently filed in the Michigan Court of Appeals an application for delayed leave to appeal this determination. The

Michigan Court of Appeals denied Petitioner's request "for lack of merit in the grounds presented." *People v. Green*, No. 249265, Order (Mich. Ct. App., Sep. 25, 2003). Petitioner later moved in the Michigan Supreme Court for leave to appeal this determination. The court denied Petitioner's request on the ground that it was "not persuaded that the question presented should be reviewed by this Court." *People v. Green*, No. 124913, Order (Mich., July 16, 2004). On September 16, 2004, Green filed the present petition for writ of habeas corpus in which he asserts a single claim:

> I. Where Defendant argued that his guilty plea conviction and sentence for unarmed robbery must be reversed and remanded based upon a retroactive change in law, the trial court abused its discretion in finding that Defendant did not demonstrate a palpable error.

## **ANALYSIS**

Respondent asserts that Green's petition must be dismissed as untimely. For the reasons discussed below, the Court agrees and recommends that Green's petition be dismissed.

Green's petition, filed on September 16, 2004, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996. *See Herbert v. Billy*, 160 F.3d 1131, 1134-35 (6th Cir. 1998). Among other things, the AEDPA amended 28 U.S.C. § 2244 to include a one-year limitations period within which an inmate challenging a state court judgment must file his habeas petition. The applicable statute of limitations provides the following:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>                (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>                (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>                (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>                (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>        (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

As noted above, the Michigan Court of Appeals denied Petitioner's application for leave to appeal on February 15, 2001. Because Petitioner did not appeal this determination to the Michigan Supreme Court his conviction became final 56 days later on April 12, 2001. *See* Michigan Court Rule 7.302; *Getman v. Vasbinder*, 2004 WL 3086879 at *1 (E.D. Mich., Dec. 29, 2004). Pursuant to section 2244(d)(1)(A) the limitations period began to run on April 12, 2001. Thus, unless Petitioner can demonstrate that the limitations period began to run from a later date his petition must be dismissed as untimely.

As previously noted, Petitioner filed in the trial court a motion for relief from judgment on July 29, 2002. Pursuant to section 2244(d)(2), the filing of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" serves to toll

the limitations period. However, if the one-year limitations period has already expired by the time such a motion is filed, additional time will not be added to the limitations period. *See Fugate v. Booker*, 321 F.Supp.2d 857, 860 (E.D. Mich. 2004) ("a state court post-conviction motion that is filed following the expiration of the limitations period for seeking federal habeas relief cannot toll that period because there is no period remaining to be tolled"). Thus, section 2244(d)(2) affords Petitioner no relief.

Petitioner's claim is not based upon a constitutional right newly recognized by the United States Supreme Court. Thus, section 2244(d)(1)(C) affords Petitioner no relief. Section 2244(d)(1)(B) has been interpreted to apply only to those circumstances in which a petitioner has been impeded from actually filing a habeas petition. *See Shannon v. Newland*, 410 F.3d 1083, 1087-88 (9th Cir. 2005) (citations omitted). In the absence of allegation or evidence that Petitioner was prevented from filing his petition this provision cannot help Petitioner. Thus, to avoid the dismissal of his petition as untimely, Petitioner must establish entitlement to relief under § 2244(d)(1)(D).

According to this provision, the limitations period begins to run from the date on which the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner's claim in this matter is not premised upon the discovery or clarification of *facts*, but is instead based upon a clarification of state law. While a ruling by a state court in a petitioner's *own case* may qualify as a fact sufficient to implicate this provision, a state-court decision "establishing an abstract proposition of law arguably helpful to the petitioner's claim" does not constitute the "factual predicate" for such claim. *Shannon*, 410 F.3d at 1088-89. As has been recognized, if "a change in (or clarification of) state law, by a state court, in a case in which [Petitioner] was not a party, could qualify as a 'factual predicate,' then the term 'factual' would be meaningless." *Id.* at 1088.

Finally, Petitioner has not argued that the limitations period should be equitably tolled in this matter and the Court discerns no basis for such tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). The Sixth Circuit Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002). This report and recommendation shall serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Court.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that Green's petition for writ of habeas corpus has been filed in violation of the relevant statute of limitations. Accordingly, the Court recommends that Respondent's motion be **granted** and Green's petition for writ of habeas corpus be **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                            Respectfully submitted,

Date: November 8, 2005                    /s/ Ellen S. Carmody
                                          ELLEN S. CARMODY
                                          United States Magistrate Judge